IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00452-LTB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ANDREW DENNIS LINDBLOOM,

Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

This matter was before the court for detention hearing on January 25, 2007. The court has taken judicial notice of the court's file and the pretrial services report.   The defendant is not contesting detention.  The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

     (1)    [t]he nature and circumstances of the offense charged, including whether

the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

    (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Memorandum and entire court file.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that defendant has been indicted in count one with fraudulent use of unauthorized access device in violation of 18 U.S.C. § 1029; in count two with breaking and entering into a Post Office with intent to commit larceny in violation of 18 U.S.C. § 2115; and in count three with possession of stolen mail in violation of 18 U.S.C. § 1708.

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find that defendant is currently incarcerated in the Colorado Department of Corrections.  On April 6, 2006, in Mesa County Combined Court under case no. 05-CR-1289, defendant pled guilty to 2nd degree burglary of a building.  On June 6, 2006, he was sentenced to two years DOC with three years parole.  On April 5, 2006, in Mesa County Combined Court under case no. 05-CR-2058, defendant pled guilty to 2nd degree burglary of a building.  On June 6, 2006, he was sentenced to ten years DOC with three years parole.  On April 5, 2006, in Mesa County Combined Court under case no. 05-CR-2139, defendant pled guilty to 1st degree trespass of an automobile with intent to commit a crime.  On June 6, 2006, he was sentenced to three years DOC with two years parole.  On April 5, 2006, in Mesa County Combined Court under case no. 06-CR-319, defendant pled guilty to theft/series $500.00 to $15,000.00.  On June 6, 2006, he was sentenced to twelve years DOC with three years parole.  These sentences were ordered to run concurrently with each other.  Accordingly, the defendant is not eligible for bond at this time.

I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

Done this 25th day of January 2007.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge